# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTOPHER WILLIAM ODEN,**

    Petitioner,

v.
                          **CIVIL ACTION NO. 3:13-CV-93**
                          **CRIMINAL ACTION NO. 3:11-CR-56**
                          **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Crim. Doc. 112 / Civ. Doc. 3]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on April 7, 2014, wherein he recommends this Court dismiss the petitioner's § 2255 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on or before April 21, 2014 [Crim. Doc. 117 / Civ. Doc. 4]. The petitioner timely filed his objections on May 5, 2014 [Crim. Doc. 120 / Civ. Doc. 5]. Accordingly, this Court will review those portions of the R&R to which the petitioner objected under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## Discussion

The instant petition asserts Oden's counsel was ineffective. To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Stickland v. Washington**, 466 U.S. 668, 688 (1984).

However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." **Strickland v. Washington**, 466 U.S. at 697. This Court finds this approach appropriate in this case.[1]

---

[1] To be clear, this Court does not mean to imply that petitioner has established the first prong; i.e., that "counsel's representation fell below an objective standard of

The petitioner insists that but for counsel's alleged deficiencies, he would have rejected the plea agreement and exercised his right to a trial by jury. This Court finds such an argument to be wholly incredible for two reasons. First, the record shows the overwhelming evidence against Mr. Oden would have ensured a conviction at trial. Second, and more importantly, had he withdrawn his plea or never entered into the plea agreement, Oden would have faced a mandatory *minimum* sentence of ten (10) years rather than a *maximum* sentence of ten (10) years due to a mistake in the plea agreement. Although this Court ultimately did impose the maximum 10-year sentence by varying upward twenty-three (23) months from the high end of the guideline range, in the likely event Mr. Oden would have been convicted at trial, ten years would have served as the minimum sentence imposed. Importantly, this Court notes this also would have exposed petitioner Oden to a maximum sentence of twenty (20) years. Thus, it simply cannot be said the petitioner suffered any prejudice as a result of any alleged deficiencies by counsel. Rather, Mr. Oden and his counsel made a wise decision to seize upon a rare error in the plea agreement which favored him tremendously. Accordingly, this Court finds no prejudice to support a claim of ineffective assistance of counsel.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Crim. Doc. 112 / Civ. Doc. 3]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.

---

reasonableness." **Strickland**, *supra*. Rather, for the reasons adequately stated in the R&R – including a thorough review of the petitioner's answers at the Rule 11 hearing and counsel's letter to the defendant regarding his *estimate* of the sentencing guideline range – the record unequivocally belies the petitioner's claims of ineffective assistance of counsel.

The petitioner's Objections **[Crim. Doc. 120 / Civ. Doc. 5]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Crim. Doc. 99 / Civ. Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Oden has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 2, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE