IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER ODEN,

    Petitioner,

v.                                                   Civil Action No. 3:16cv47
                                                    Criminal Action No. 3:11cr56
                                                     (Judge Bailey)

UNITED STATES OF AMERICA,

    Respondent.

**REPORT AND RECOMMENDATION**

**I. Introduction**

On April 15, 2016, the *pro se* Petitioner, Christopher Oden ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Civil Action No. 3:16cv47, ECF No. 1; Criminal Action No. 3:11cr56-1, ECF No. 181.[1] Along with his motion to vacate, Petitioner filed a motion to appoint counsel. ECF No. 182. Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on April 25, 2016, Petitioner filed his motion on a court-approved form. ECF No. 188. By Order entered April 21, 2016, Petitioner's motion for appointed counsel was denied. ECF No. 187. The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

**II. Facts**

On September 20, 2011, a Grand Jury in the Northern District of West Virginia named Petitioner in a one-count indictment with a forfeiture provision. ECF No. 1. On October 28, 2011, Petitioner signed a plea agreement, agreeing to plead guilty to Count One, possession of child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). ECF No. 30 at 1. The maximum penalty for the offense being pled to was

---

[1] From this point forward, all ECF numbers refer to Petitioner's Criminal Action.

specified as imprisonment for a period of not more than ten (10) years,[2] a fine of $250,000.00, and not less than five (5) years and not more than Life on Supervised Release. Id. The parties stipulated and agreed that Petitioner's offense involved at least 10 images but fewer than 150. Id., ¶ 9 at 3. In the plea agreement, Petitioner waived his right to appeal and to collaterally attack his sentence. Id., ¶10 at 4-5.

On November 1, 2011, Petitioner entered his plea in open court. ECF No. 65 at 5. On February 26, 2012, Petitioner was sentenced. At sentencing, the Court declined to grant Petitioner's motion for a downward departure and instead, sentenced Petitioner above the recommended guidelines to the maximum sentence allowable, a term of 120 months imprisonment, to be followed by a twenty year term of supervised release. ECF No. 66 at 103.

**B. Direct Appeal**

On appeal, Petitioner argued that the waiver in his plea agreement was unenforceable because the government breached the plea agreement by not recommending a sentence at the low end of the guidelines. In an unpublished *per curiam* opinion issued on August 24, 2012, the Fourth Circuit Court of Appeals found that the waiver was enforceable and dismissed the appeal, noting that because there were discrepancies and omissions in Petitioner's account of what had occurred, Petitioner had not fulfilled his obligations under the plea agreement to be forthright and truthful and to give complete information about his criminal involvement. ECF No. 76. Oden's petition for rehearing and rehearing *en banc* was denied on October 9, 2012. (4th Cir. ECF No. 48)(12-4119).

**C. Federal Habeas Corpus**

**A. First § 2255 Motion**

On February 17, 2012, the day after his appeal was docketed in the 4th Circuit Court of Appeals, Petitioner filed a Motion to Dismiss Counsel for Ineffective Counsel and be Appointed New Counsel in the sentencing court, which was docketed both as a motion to appoint counsel [ECF No. 53] and as a

---

[2] The PreSentence Investigation Report ("PSR") indicates that ¶ 2 of the plea agreement contained an incorrect maximum penalty. The maximum penalty should have been "not less than 10 years nor more than 20 years. The Plea Agreement did not take into account the fact that the defendant has a prior qualifying conviction, subjecting him to an enhanced sentence." PSR, ECF No. 44, ¶ 137 at 30.

motion to vacate. ECF No. 52. Because the motion was not on a court-approved §2255 form, Petitioner was sent a Notice of Deficient Pleading, instructing him to correct his deficient pleadings within twenty-one days to maintain the civil § 2255 motion case. He did not comply. Accordingly, on April 2, 2012, the first § 2255 was dismissed without prejudice for the failure to prosecute. ECF No. 72.

B. **Numerically Second § 2255 Motion**

Petitioner raised three grounds of ineffective assistance of counsel, contending that counsel was ineffective for failing to investigate facts and circumstances of the offense relative to application of the U.S. Sentencing Guidelines before advising petitioner to sign the plea agreement, rendering his plea involuntary; failing to inform Petitioner that stipulation didn't identify all facts in dispute; and for failing to inform Petitioner of a dispute related to imposing a sentence above the minimum, pursuant to stipulation. An April 7, 2014 Report and Recommendation ("R&R") recommended that Petitioner's motion to vacate be denied and dismissed with prejudice because two of his claims of counsel's ineffectiveness lacked merit and were unsupported by the record, and his remaining claim was barred by the waiver in his plea agreement. ECF No. 112. By Order entered June 2, 2014, the R&R was adopted and Petitioner's § 2255 was dismissed. ECF No. 122.

Petitioner filed a notice of appeal on August 6, 2014 [ECF No. 136] and a motion to amend/correct/supplement his motion to vacate in this court on August 18, 2014. ECF No. 134. By unpublished *per curiam* opinion entered November 21, 2014, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. ECF No. 145. On December 1, 2014, this court denied his motion to amend/correct/supplement his motion to vacate. ECF No. 147. The Fourth Circuit denied Oden's petition for rehearing and rehearing *en banc* on February 9, 2015.

C. **§ 2244 Motion**

On June 6, 2016, one months and twenty-two days after filing the instant § 2255 motion, Petitioner filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255 (h) in the Fourth Circuit Court of appeals, seeking authorization to file a second or successive § 2255 motion, relying on the Supreme

Court's decision in Johnson v. United States[3] and United States v. Simmons.[4] By Order entered on June 28, 2016, the motion was denied, because Oden was not sentenced under the ACCA or as a career offender under the sentencing guidelines, and Simmons was not retroactively applicable to cases on collateral review. ECF No. 198.

**D. Numerically Third and Instant § 2255 Motion**

In his court-approved form motion, filed without a memorandum in support, Petitioner raises six inartfully-worded grounds, which have been liberally construed, condensed into five, reworded and reordered for clarity:

1) Counsel was ineffective for

    a) breach of contract;

    b) failing to include all grounds and investigate facts and circumstances of the offense relevant to the sentencing guidelines; and

    c) for failing to inform Petitioner that his § 2255 did not include all stipulations for relief; only after his § 2255 was submitted did counsel inform Petitioner that the stipulations could only be brought under § 2241. ECF No. 188 at 5.

    d) Counsel was ineffective for failing to object to the breach and/or assisting the Government in an involuntary plea, because Petitioner advised counsel that he was not guilty and that he needed his medication because he could not think straight and should not enter a plea, but counsel coerced him into entering a plea anyway. Id. at 11.

2) The indictment was defective, causing a miscarriage of justice because Petitioner was actually innocent. Id. at 6.

3) His sentence enhancement (2) was duplicitous, because "level use of CPU" is already included in the wording of the statute, and his sentence enhancement (5) "level prior is considered a . . . [misdemeanor]" under federal law, and a non-aggravated offense in North Carolina for this enhancement; it is also a divisible statute, which should have been decided by a jury and not the sentencing judge. Id. at 8.

4) It was unlawful for a magistrate judge to take his plea. Id. at 9.

5) He is entitled to a reduction in sentence under 5H.1, because he was diagnosed with Post-Traumatic Stress Disorder ("PTSD") after sentencing. ECF No. 13.

---

[3] Johnson v. United States, 135 S.Ct. 2551 (2015)(declaring the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague).

[4] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

In the court-approved form motion, in response to why the one-year statute of limitation should not bar his motion, Petitioner replied "[d]id file on Time [sic] request now to vacat[e] original § 2255 and be appointed new counsel . . . [because] the counsel I hired was ineffective and did not meet the attorney standards see civil suit[] and motion filed." Id. at 16.

As relief, Petitioner seeks to have new counsel appointed; to have the original § 2255 vacated; and to be permitted to refile his § 2255 correctly with "all grounds that rate a vacation of conviction" and/or sentence reduction. Id.

E. **Other Post-Conviction Challenges**

On March 25, 2015, Petitioner filed a Motion to Grant a Downward Departure Pursuant to USSG §5K2.23, § 1B1.3, § 4A1.3(b)(3)(B), and 18 U.S.C. § 3742(a)(2). ECF No. 153. By Order entered March 30, 2015, the motion was denied. ECF No. 154. Petitioner moved for reconsideration on May 1, 2015. ECF No. 157. By Order entered May 26, 2015, the motion was denied. ECF No. 159. Petitioner appealed. By unpublished *per curiam* opinion entered on October 20, 2015, the Fourth Circuit affirmed the district court's denial of Oden's motions for a sentence reduction and for reconsideration. ECF No. 168. On December 7, 2015, Oden's petition for rehearing and rehearing *en banc* was denied. On March 21, 2016, Oden's petition for writ of *certiorari* was denied.

On March 31, 2015, in the Eastern District of Virginia, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his 2-level and 5-level sentencing enhancements and alleging that the indictment was defective, a miscarriage of justice occurred, and that under §636(a), a magistrate judge could not take his plea. See ECF No. 188 at 3; see also E.D. Va. Case No. 3:15cv196. On November 23, 2015, the magistrate judge recommended that the petition be dismissed for lack of jurisdiction; the district judge adopted the recommendation by Order and Memorandum Opinion entered January 11 2016. See E.D. Va. Case No. 3:15cv196, ECF Nos. 18, 22 & 23. Petitioner appealed. On May 5, 2017, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed for the reasons stated by the district court.

### III. Analysis

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that although Petitioner's numerically first motion to vacate was not an adjudication on the merits,[5] his numerically second motion to vacate was dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion, and Petitioner did not receive authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16cv47, ECF No. 1; Criminal Action No. 3:11cr56, ECF No. 181 & 188] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections

---

[5] See Camarano v. Irvin, 98 F.3d 44, 46 (2nd Cir. 1996) (per curiam) (refiled habeas petition, following dismissal of prior petition without prejudice, is not "second or successive" because "there is no federal adjudication on the merits").

shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to transmit a copy of this Report and Recommendation electronically to all counsel of record.

DATED: July 12, 2017

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE