# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTOPHER W. ODEN,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

CIVIL ACTION NO. 3:16-CV-47
CRIMINAL ACTION NO. 3:11-CR-56
(BAILEY)

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Crim. Doc. 199; Civ. Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on July 12, 2017, wherein he recommends this Court deny and dismiss the petitioner's Motion Under 28 U.S.C. § 2255 as an unauthorized second or successive motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on July 21, 2017. [Crim. Doc. 200; Civ. Doc. 6]. On July 28, 2017, the petitioner filed a Motion to Withdraw and Vacate His Vacation of 2255. [Crim. Doc. 201]. As the petitioner has filed nothing else that addresses the R&R, and the time to file objections has passed, this Court will construe the July 28 filing as an objection. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

**I.**     **BACKGROUND**

On September 20, 2011, a Grand Jury in the Northern District of West Virginia named the petitioner in a one-count Indictment with a forfeiture provision. [Crim. Doc. 1]. On October 28, 2011, the petitioner signed a plea agreement, agreeing to plead guilty to Count One, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). [Crim. Doc. 30]. In the plea agreement, the petitioner waived his right to appeal and to collaterally attack his sentence. [*Id.* at 4-5]. On November 1, 2011, the petitioner entered his plea in open court [Crim. Doc. 32], and on February 26, 2012, the petitioner was sentenced [Crim. Doc. 42]. At sentencing, the Court declined to grant the petitioner's motion for a downward departure and, instead, sentenced the petitioner above the recommended guideline range to the maximum allowable sentence–a term of 120 months' imprisonment, to be followed by a twenty-year term of supervised released. [Crim. Docs.

45; 66].

On February 13, 2012, the petitioner filed a Notice of Appeal [Crim. Doc. 47], and on August 24, 2012, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal, finding that the petitioner's waiver of his right to appeal his sentence was enforceable and that the Government did not breach the plea agreement [Crim. Doc. 76].

On February 17, 2012, the petitioner filed a Motion to Dismiss Counsel for Ineffective Counsel and be Appointed New Counsel in the sentencing court, which was docketed as both a motion to appoint counsel [Crim. Doc. 53] and as a motion to vacate [Crim. Doc. 52]. The motion was not filed on a court-approved § 2255 form, and the petitioner was sent a Notice of Deficient Pleading [Crim. Doc. 58], instructing him to correct his deficient pleadings within twenty-one days to maintain the civil case. He did not comply, and on April 2, 2012, the § 2255 motion was dismissed without prejudice for failure to prosecute. [Crim. Doc. 72].

On August 15, 2013, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Crim. Doc. 99], arguing ineffective assistance of counsel for failure to investigate facts and circumstances of the offense relevant to application of the United States Sentencing Guidelines before advising the petitioner to sign the plea agreement, ineffective assistance of counsel for failure to inform the petitioner that the stipulation did not identify all facts in dispute, and ineffective assistance of counsel for failure to inform the petitioner of a dispute related to imposing a sentence above the minimum, pursuant to the stipulation. Magistrate Judge Seibert's April 7, 2014, R&R recommended that the petitioner's motion be denied and dismissed with

3

prejudice because two of his ineffective assistance of counsel claims lacked merit and were unsupported by the record, and the third was barred by the waiver in his plea agreement. [Crim. Doc. 112]. The petitioner filed timely objections on May 5, 2014 [Crim. Doc. 120], yet on June 2, 2014, the objections were overruled, the R&R was adopted, and the petitioner's § 2255 motion was dismissed with prejudice [Crim. Doc. 122]. Thereafter, the petitioner moved for a certificate of appealability, which was denied by the Court. [Crim. Docs. 124; 130].

On August 6, 2017, the petitioner filed a Notice of Appeal [Crim. Doc. 136] and Motion to Supplement Petitioner's [Habeas Corpus], which was docketed as a Motion to Amend/Correct his previous § 2255 motion [Crim. Doc. 134]. By unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability. [Crim. Doc. 145]. The Court then denied the petitioner's Motion to Amend/Correct as moot. [Crim. Doc. 147].

On March 25, 2015, the petitioner filed a Motion to Grant a Downward Departure Pursuant to USSG § 5K2.23, § 1B1.3, § 4A1.3(b)(3)(B), and 18 U.S.C. § 3742(a)(2) [Crim. Doc. 153], which was denied on March 30, 2015 [Crim. Doc. 154]. The petitioner moved for reconsideration [Crim. Doc. 157], which was denied on May 26, 2015 [Crim. Doc. 159]. The petitioner appealed, and by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the Court's denial of both motions. [Crim. Doc. 168].

On March 31, 2015, in the Eastern District of Virginia, the petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the enhancements at sentencing and alleging that the Indictment was defective, that a miscarriage of justice occurred, and that under § 636(a), a magistrate judge could not take his plea. [*See* E.D.

4

Va. Case No. 3:15-CV-196]. On January 11, 2016, the district judge adopted the magistrate judge's R&R and dismissed the petition for lack of jurisdiction. [Va. Doc. 22]. The petitioner appealed, and the Fourth Circuit Court of Appeals affirmed the district court's decision by unpublished *per curiam* opinion on May 5, 2017. [Va. Doc. 41].

On June 6, 2016, almost two months after the petitioner filed the instant § 2255 motion, the petitioner filed a motion pursuant to 28 U.S.C. §§ 2244(b) and 2255(h) in the Fourth Circuit Court of Appeals, seeking authorization to file a second or successive § 2255 motion, relying on the United States Supreme Court's decision in **Johnson v. United States**, 135 S.Ct. 2551 (2015), and the Fourth Circuit's decision in **United States v. Simmons**, 649 F.3d 237 (4th Cir. 2011). On June 28, 2016, the Fourth Circuit denied the motion because the petitioner was not sentenced under the Armed Career Criminal Act or as a career offender under the sentencing guidelines, a requirement pursuant to **Johnson**, and because **Simmons** was not retroactively applicable to cases on collateral review. [Crim. Doc. 198].

On April 15, 2016, the petitioner filed a Motion for Refiling of § 2255 and to be Appointed Counsel, docketed as the instant Motion to Vacate under 28 U.S.C. § 2255 [Crim. Doc. 18; Civ. Doc. 1]. In his filing on the correct form, filed without a memorandum in support, the petitioner raises six somewhat unclear grounds, which the magistrate judge reworded and reordered for clarity in his R&R. They include the following:

(1) Counsel was ineffective for:

    (a) breach of contract;

    (b) failing to include all grounds and investigate facts and circumstances of the offense relevant to the sentencing guidelines;

5

(c) failing to inform the petitioner that his § 2255 did not include all stipulations for relief; only after his § 2255 was submitted did counsel inform the petitioner that the stipulations could only be brought under § 2241;

(d) failing to object to the breach and/or assisting the Government in an involuntary plea because the petitioner advised counsel that he was not guilty and that he needed his medication because he could not think straight and should not enter a plea, but counsel coerced him into entering a plea anyway.

(2) The Indictment was defective, causing a miscarriage of justice because the petitioner was actually innocent.

(3) The petitioner's sentence enhancement (2) was duplicitous because "level use of CPU" is already included in the wording of the statute, and his sentence enhancement (5) "level prior is considered a . . . [misdemeanor]" under federal law, and a non-aggravated offense in North Carolina for this enhancement; it is also a divisible statute, which should have been decided by a jury and not the sentencing judge.

(4) It was unlawful for the magistrate judge to take his plea.

(5) He is entitled to a reduction in sentence under 5H.1 because he was diagnosed with Post-Traumatic Stress Disorder ("PTSD") after sentencing.

[Crim. Doc. 188; Civ. Doc. 4]. In response to the form's inquiry as to why the one-year statute of limitations should not bar his motion, the petitioner replied that he "[d]id file on [t]ime" and that he "request[s] now to vacat[e] original § 2255 and be appointed new counsel [because] the counsel [he] hired was ineffective and did not meet the attorney standards . . . ." [*Id*. at 16]. As relief, the petitioner seeks to have new counsel appointed, to have the original § 2255 vacated, and to be permitted to refile his § 2255 correctly "with all grounds that do rate a vacation of conviction" and/or sentence reduction. [*Id*.].

Magistrate Judge Seibert filed the instant R&R [Crim. Doc. 199; Civ. Doc. 5] on July 12, 2017, recommending this Court deny and dismiss the petitioner's Motion Under 28 U.S.C. § 2255 as an unauthorized second or successive motion. Specifically, Magistrate

Judge Seibert explains that, in order to file a second or successive federal habeas corpus motion, the appropriate court of appeals must certify that the motion contains either newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or that the motion contains a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[1] The first motion also must have been dismissed on its merits in order for the second or successive motion to be considered as such. Magistrate Judge Seibert thus notes that, although the petitioner's numerically first motion to vacate was not an adjudication on the merits, his numerically second motion to vacate was dismissed on the merits. As such, the instant motion is a second or successive motion, for which the petitioner did not receive authorization from the Fourth Circuit and this Court lacks the authority to hear.

On July 28, 2017, the petitioner filed a Motion to Withdraw and Vacate His Vacation of 2255, which this Court will construe as objections. [Crim. Doc. 201].

## II. DISCUSSION

In his filing, the petitioner does little more than restate that which he did previously. He asserts that he wishes to withdraw and vacate his § 2255 motion that "was filed incorrectly and denied on its merits." He states that he "refiled his vacation of 2255 to the U.S. District court of Appeals with all forms while in transit under a 2244 and was lost by the Petersburg BOP," and when he filed a "supplement and a status update" with the

---

[1] See **Slack v. McDaniel**, 529 U.S. 473, 485-89 (1999); **Harvey v. Horan**, 278 F.3d 370, 379-80 (4th Cir. 2002), *abrogated on other grounds by* **Skinner v. Switzer**, 131 S.Ct. 1289 (2011).

United States Court of Appeals, he "found out he had resubmitted his Request for a vacation of his 2255 to the wrong court." The petitioner states that he "now seeks to correct this and is filing his Motion before the U.S. Court of Appeals for approval." In apparent support for his request, the petitioner asserts that he is a layman of the law, diagnosed with a mental illness, without counsel, and without anyone at the prison to assist him with filings. He then again avers that his first motion was incorrectly filed with this Court, which he only discovered after requesting a status update from the Court of Appeals, and that he should not be held to attorney standards since he is a *pro se* litigant. He assures the Court that he has corrected the errors and has changed the forms and headings to "a Motion For Ordering Authorizing District Court to Consider a Secon[d] or Successive Relief under a 2255 or a vacation of his 2255." He explains that this is per the forms he received "after months of being [transferred] and mail was held up by the BOP," and that he tried to prevent the transfer, but the BOP "violated his due process right and is the cause of this filing when he first corrected and sent into the court that was lost." Finally, the petitioner asserts that he has solid grounds for relief pursuant to § 2255, that he was denied attorney assistance and "should not be denied on a vacation of 2255 that was filed to the wrong court by mistake when it was meant to be heard by the U.S. court of Appeals."

The argument that the petitioner appears to be making is that he should be permitted to file a § 2255 motion because what is considered his first motion [Crim. Doc. 99], which was denied on the merits [Crim. Doc. 122], was incorrectly filed, and he has corrected the mistake. The petitioner's argument is unpersuasive for several reasons. The motion in question was filed on August 15, 2013. The docket reflects, via certified mail

return receipts [Crim. Docs. 104; 105], that the petitioner received the Notice of General Guidelines for Appearing *Pro Se* in Federal Court [Crim. Doc. 102] and the Order Directing the Respondent to Answer [Crim. Doc. 103] issued after the petitioner filed his motion, both of which clearly indicated that it was the United States District Court that received and was adjudicating his motion. The petitioner also received [Crim. Doc. 109] and filed a response to the Court's September 17, 2013, **Roseboro** Notice [Crim. Doc. 108]. Indeed, the petitioner's response was not only filed with this Court but plainly stated that it was intended for this Court to consider. [Crim. Doc. 110]. The petitioner's response to the magistrate judge's R&R was also filed with this Court and addressed to this Court. [Crim. Doc. 120]. Following denial of his § 2255 motion, the petitioner filed a motion requesting a certificate of appealability with this Court. [Crim. Doc. 124]. After this Court denied the motion for certificate of appealability, the petitioner filed a Notice of Appeal with a heading reflecting that it would be filed with the United States Court of Appeals for the Fourth Circuit. [Crim. Doc. 136].

This is the case with each motion for relief filed by the petitioner. It is apparent from these filings that the petitioner knew precisely in which court he was filing each motion. At no point throughout the petitioner's multitude of interactions with this Court, both regarding the motion in question and each filed thereafter, does the petitioner appear uncertain as to the court in which he was filing or attempt to correct the court in which a filing was made. The only correction that the petitioner requested involved sealing records. [Crim. Doc. 115]. After four years of filing motions and letters with this Court, the Fourth Circuit, and the Eastern District of Virginia, the petitioner is now asserting that motions were incorrectly filed and documents were lost or withheld by the BOP. This Court is not persuaded by

9

such a bare assertion.  The petitioner's filings completely undermine his assertion, and this Court cannot presume to understand the petitioner's constructive intent, as his objection suggests should be a consideration.

The petitioner's argument is further undermined by the fact that the Fourth Circuit denied his motion for authorization to file a second or successive § 2255 motion on June 28, 2016.  [Crim. Doc. 198].  Thus, the petitioner's intent to request permission to file a second or successive § 2255 motion is mooted by the fact that the Fourth Circuit has already considered and denied such a request.

Finally, this Court would note that there is normally no constitutional right to counsel in a civil case, ***United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.***, 795 F.2d 796, 801 (9th Cir. 1986) (citing ***Lassiter v. Department of Social Services,*** 452 U.S. 18, 25–27 (1981)), and the petitioner has failed to make a sufficient showing that he is entitled to appointed counsel in this matter.

As such, to the extent the petitioner's motion may be construed as an objection to the magistrate judge's R&R, the same is **OVERRULED**.

### III.    CONCLUSION

Upon careful review of the above, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation **[Crim. Doc. 199; Civ. Doc. 5]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report.  The petitioner's Motion to Withdraw and Vacate His Vacation of 2255 **[Crim. Doc. 201]** is **DENIED**.  As such, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Crim. Doc. 181; Civ. Doc. 1]** is

hereby **DENIED** and **DISMISSED**.  This Court further **ORDERS** that the petitioner's **civil action** be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: September 6, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

11